**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANIEL LYNN,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>SF-0714-17-0702-R-2<br><br><br>DATE:  March 28, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Nadine Scott and Stephen Funderburk, Seattle, Washington, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member*

*The Board members voted on this decision before March 28, 2025.

**ORDER**

The appellant has filed a petition for enforcement of the settlement agreement filed in, and/or a request to reopen the Board's final order in, *Lynn v. Department of Veterans Affairs*, MSPB Docket No. SF-0714-17-0702-R-1 (*Lynn II*), which dismissed the underlying appeal in *Lynn v. Department of*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

*Veterans Affairs*, MSPB Docket No. SF-0714-17-0702-I-1 (*Lynn I*), pursuant to a settlement agreement entered into the record in *Lynn II*. For the reasons set forth below, we DENY the appellant's reopening request. Additionally, we FORWARD the appellant's allegations of noncompliance to the Western Regional Office for docketing as a petition for enforcement of the settlement agreement entered into the record in *Lynn II*.

The Board has authority to reopen, on its own motion, appeals in which it has rendered a final decision. 5 U.S.C. § 7701(e)(1)(B); 5 C.F.R. § 1201.118. The Board will exercise its discretion to reopen an appeal only in "unusual or extraordinary circumstances," such as an intervening event that directly bears on the result or the discovery of a misrepresentation or fraud. *Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶ 17 (2016). Further, the Board will reopen an appeal only if the appellant has exercised due diligence and presented the request to reopen in a timely manner, generally measured in weeks. *See Keys v. Office of Personnel Management*, 113 M.S.P.R. 173, ¶ 8 (2010).

In the instant appeal, the appellant argues that the agency failed to properly serve its July 14, 2023 reopening request on the appellant and his representative, or alternatively, that the agency is in breach of the settlement agreement, and he requests that the Board "enforce the four corners of the parties' settlement agreement contract under well established contract law and/or concurrently reopen and vacate the Board's Final Order" settling the underlying Board appeal. *Lynn v. Department of Veterans Affairs*, MSPB Docket No. SF-0714-17-0702-R-2, Reopening Appeal File (RAF), Tab 1 at 1-2, 8. However, the appellant is not challenging the validity of the settlement agreement or alleging that the agreement is the product of fraud or misrepresentation on the part of the agency in seeking reopening, and the appellant's alleged failure to receive the agency's reopening request in *Lynn II*, even if true, has no bearing on the validity of the settlement agreement itself and whether grounds now exist for reopening the final order dismissing that appeal as settled. The parties negotiated and executed a

settlement agreement that provided the appellant with significant benefits, and both parties took steps to execute the settlement agreement following the request to enter the agreement into the record for Board enforcement purposes, including the appellant submitting a vendor payment request form to receive the lump sum payment set forth in the agreement. *Lynn II*, Tab 1 at 5-8; RAF, Tab 1 at 4, 13-14; Tab 4 at 13-15.

Additionally, the record does not support the appellant's assertion that he was not timely notified of the agency's request to reopen the appeal in *Lynn I* for the purpose of entering the settlement agreement into the Board record and dismissing the appeal as settled. RAF, Tab 4 at 6-7, 10. The appellant has provided email correspondences his representative received from the agency dated August 17, 2023—twenty-one days before the Board issued the final order in *Lynn II* dismissing the appeal as settled—stating that the agency had filed a request to reopen the appeal in *Lynn I* for the purpose of entering the settlement agreement into the record and seeking dismissal of the underlying appeal as settled. RAF, Tab 1 at 16-17. The appellant failed to file any objection to the agency's reopening request in the intervening 21-day period, and the Board issued the Final Order in *Lynn II* on September 7, 2023, granting the agency's reopening request. *Lynn II*, Final Order (Sept. 7, 2023).

Finally, regarding his alternative argument that the agency is in breach of the settlement agreement, the appellant alleges that the agency has failed to comply with its obligations under the settlement agreement by failing to process the vendor payment request forms submitted by his non-attorney representative to receive the agreed-upon lump sum payment amount. RAF, Tab 1 at 2-10, Tab 4 at 5-6, 9, 11-12, Tab 5 at 4-5. The agency acknowledges that it has denied the vendor payment request forms submitted by the appellant's representative, asserting that the agreement requires that the appellant execute the vendor payment request form to receive the lump sum payment, and that the payment cannot be issued directly to the appellant's representative. RAF, Tab 3 at 15-18.

The Board has held that when issues are raised concerning the interpretation of a settlement agreement that is enforceable by the Board and whether a party has breached the agreement, such claims are properly addressed in the first instance by an administrative judge via a petition for enforcement. *Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 8 (2010); *Henson v. Department of the Treasury*, 86 M.S.P.R. 221, ¶ 15 (2000); 5 C.F.R. § 1201.182(a). Accordingly, we forward the appellant's allegations of noncompliance to the Western Regional Office for docketing as a petition for enforcement of the settlement agreement in *Lynn II*.

**ORDER**

For the reasons discussed above, we forward the appellant's compliance claims to the Western Regional Office for docketing as a petition for enforcement of the settlement agreement in *Lynn II*. The September 7, 2023 Final Order remains the Board's final decision in this matter. 5 C.F.R. §§ 1201.113(c), 1201.118.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.